

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. O-6030
Re: Procedure for withhold-
ing contributions under
Teacher Retirement Act
due from state employees,
particularly those whose
salaries are paid in
whole or in part from
the general revenue fund.

Your letter of May 17th submits for our considera-
tion the question of whether the Teacher Retirement System
of Texas is required or authorized to accept the State's
general revenue warrants in payment of contributions to the
Retirement Fund on behalf of eligible employees of state
schools, institutions and departments who are paid in whole
or in part from appropriations from the general revenue fund.
In particular, the question is raised whether such warrants
are acceptable "while such General Revenue Fund warrants are
not collectible at par."

For clarification, we would observe in the begin-
ning that State of Texas general fund warrants are payable
at par under the laws of this State. It is true that they
are payable in serial order of issuance, and that because
of present deficiency of revenues supporting the fund, it
is some two months after issuance of general revenue war-
rants before the State is able to redeem them in cash.

State warrants do not constitute payment of the
obligations they are drawn to cover; their issuance does
not discharge the obligation to pay. They are merely orders

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. H. Cavness, Page 2

drawn by one of the fiscal officers of the government upon another, directing the latter to pay out of named funds, when available, a specified sum to a named person. Payment of the salary of an employee of the State of Texas, therefore, is accomplished not by the issuance of a warrant whereby the Treasurer is directed to pay him a certain sum, but is consummated only by redemption of the warrant so issued.

With the above principles in mind, we would examine the following provisions of the Teacher Retirement Act which we consider pertinent to the inquiry submitted in your letter:

"Sec. 8

"1. The Teacher Saving Fund.

"(a)  The Teacher Saving Fund shall be a fund in which shall be accumulated regular five (5) per centum contributions from the compensation of members, including current interest earnings.  Contributions to and payments from the Teacher Saving Fund shall be made as follows:

"(b)  Each employer shall cause to be deducted from the salary of each member on each and every pay roll of such employer for each and every pay roll period, five (5) per centum of his earnable compensation, provided tha t the sum of the deductions made for a member shall not exceed One Hundred and Eighty Dollars ($180) during any one (1) year.  Deductions shall begin with the first pay roll period of the school year 1937-38.  In determining the amount earnable by a member in a pay roll period, the State Board of Trustees may consider the rate of annual compensation payable to such member on the first day of the pay roll period as continuing throughout such pay roll period, and it may omit deduction from compensation for any period less than a full pay roll period if a teacher was not a member on the first day of the pay roll period, and to facilitate the making of

Honorable C. H. Cavness, Page 3

deductions, it may modify the deduction re-
quired of any member by such an amount as shall
not exceed one-tenth (1/10) of one (1) per cen-
tum of the annual compensation upon the basis
of which such deduction is to be made.

"(c)  The deductions provided for herein
shall be made notwithstanding that the minimum
compensation provided for by law for any member
shall be reduced thereby. Every member shall
be deemed to consent and agree to the deduc-
tions made and provided for herein and shall re-
ceipt for his full salary or compensation, and
payment of salary or compensation, less said
deduction, shall be a full and complete dis-
charge and acquittance of all claims and de-
mands whatsoever for the services rendered by
such person during the period covered by such
payment, except as to the benefits provided
under this Act. The employer shall certify to
the State Board of Trustees on each and every
pay roll, or in such other manner as said Board
may prescribe, the amounts to be deducted; and
when deducted shall be paid into said Teacher
Saving Fund, and shall be credited, to the in-
dividual account of the member from whose com-
pensation said deduction was made.

" . . . .

"8.  Collection of Contributions.

"(1)  The collection of members' contribu-
tions shall be as follows:

"(a)  Each employer shall cause to be de-
ducted on each and every pay roll of a member
for each and every pay roll period subsequent
to the date of establishment of the Retirement
System the contributions payable by such member,
as provided in this Act. Each employer shall
certify to the treasurer of said employer on
each and every pay roll a statement as vouchers
for the amount so deducted.

Honorable C. H. Cavness, Page 4


"(b)  The treasurer or proper disbursing
officer of each employer on authority from the
employer shall make deductions from salaries of
teachers as provided in this Act, and shall
transmit monthly, or at such time as the State
Board of Trustees shall designate, a certified
copy of the pay roll, and the amount specified
to be deducted shall be paid to the Executive
Secretary of the State Board of Trustees, and
after making a record of all receipts, the said
Board shall pay them to the Treasurer of the
State of Texas, and by him be credited to Teach-
er Saving Fund, and such funds shall be deemed
as appropriated for use according to the provi-
sions of this Act.  For the purpose of collect-
ing contributions of teachers who are teaching
in common school districts, the county superin-
tendent or ex officio county superintendent of
each county of this State is hereby designated
to perform the duties of employer of all common
school districts over which he has jurisdiction,
and he is hereby authorized and empowered to re-
tain the amounts so deducted from pay rolls of
members and have a corresponding amount deducted
from any funds available for paying teachers'
salaries, and transmit same to the Executive
Secretary of the State Board of Trustees as pro-
vided for in this Act.  Any college or university
or other educational institution or agency sup-
ported in whole or in part by the State shall
have the amount retained or deducted from the
funds regularly appropriated by the State for
the current maintenance for such educational de-
partments and institutions.

"  .  .  .  .

"(e)  The State Treasurer shall furnish an-
nually to the State Board of Trustees a sworn
statement of the amount of the funds in his cus-
tody belonging to the Retirement System.  The
records of the State Board of Trustees shall be
open to public inspection and any member of the
Retirement System shall be furnished with a state-
ment of the amount to the credit of his individual

Honorable C. H. Cavness, Page 5

account upon written request by such member, provided that the State Board of Trustees shall not be required to answer more than one such request of a member in any one year." (Emphasis supplied) (Sec. 8, Art. 2922-I, Vernon's Civil Statutes, as amended by Chapter 377, Acts 48th Legislature).

As to "any college or university or other educational institution or agency supported in whole or in part by the State," the act expressly provides that the amounts required to be retained or deducted shall be retained or deducted "from the funds regularly appropriated by the State for the current maintenance for such educational departments and institutions."

Obviously, it was contemplated by this provision that the sums deductible under the act from the compensation of persons employed by the State as employer should be retained by the officials representing the State in the payment of his salary. It was not within the contemplation of the act that the funds required to be retained should be paid to the employee, or that he should be required to advance the amounts from his personal funds; certainly it is beyond the terms or intention of the act that he should be required to advance the amounts to the Teacher Retirement Fund in advance of the time the State pays his salary to him.

The objection has been raised that if the Teacher Retirement System accepts general fund warrants, no investment can be made of the sums represented by the warrants until the time they are paid, and further that the fund might be required to pay over, in cash, moneys to withdrawing members in advance of the time the warrants actually are payable. Neither objection is tenable: there can be no obligation on the part of the officers managing the Fund either to invest moneys before they are receivable, or to return moneys prior to the time of actual payment into the fund.

You are respectfully advised, therefore, that under the express terms of the Teacher Retirement Act, it is the duty of the employing agencies to withhold and retain the items deductible under said Act from the salaries of persons employed

Honorable C. H. Cavness, Page 6

by the State. Such funds are not to be paid, nor are warrants for the deductible items to be payable, to the individual, but the same are to be retained by the State, in the hands of its officers, and transferred to the appropriate accounts of the Retirement System "from the funds regularly appropriated for the current maintenance" of the departments or institutions affected.

To the extent that our opinion O-5492 may be considered to be in conflict herewith, the earlier opinion is accordingly modified.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s)    Gaynor Kendall
                 Assistant

APPROVED SEP 21 1944

*Grover Sellers*

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By O.S.    Chairman

GK:ff